UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA

SHIRLENE ALLEYNE,

    Plaintiff,

vs.

EMSA CORRECTIONAL CARE, INC.,
a Florida corporation,

    Defendant.
_____/

CASE NO. 00-6113
CIV-FERGUSON

MAGISTRATE JUDGE
SNOW

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW the Plaintiff, SHIRLENE ALLEYNE (hereinafter "ALLEYNE") by and through her undersigned attorney, and files this Complaint against Defendant EMSA CORRECTIONAL CARE, INC., a Florida corporation (hereinafter "EMSA") and states:

### INTRODUCTION

1. This is an action for monetary damages and other relief brought by the Plaintiff, ALLEYNE against the Defendant, EMSA for employment discrimination.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343 to invoke the provisions of 42 U.S.C. § 1981.

3. Venue is proper as all the acts complained of herein occurred within the Southern District of Florida.

### PARTIES

4. Plaintiff ALLEYNE, a black female, is a former employee of EMSA.

1



5. Defendant EMSA is a Florida corporation with its principal place of business in Plantation, Florida. EMSA provides medical services to prisons throughout the State of Florida.

## SPECIFIC FACTUAL ALLEGATIONS OF SHIRLENE ALLEYNE

6. ALLEYNE worked for EMSA for approximately 2 months and was constructively discharged in March of 1998.

7. During her employment with EMSA, ALLEYNE became extremely ill at work and needed to go home, but was denied permission to leave.

8. The problem involved menstruation, and ALLEYNE was in pain, soiled her clothes, soiled the chair in her office, and needed to go home to rest and change her clothes.

9. ALLEYNE uses Tampax, but did not have any with her and ALLEYNE could not use the type of sanitary napkins available at EMSA (prisoner/inmate sanitary napkins).

10. ALLEYNE was in excruciating pain (saturated in blood) and really needed to get home.

11. ALLEYNE was asked to work a <u>double shift</u> by the Charge Nurse, Ms. Brown.

12. ALLEYNE told Brown that she didn't mind working but that she was ill, had soiled her clothing, and needed to get home. Brown told ALLEYNE that she would be "leaving at her own risk" and would have to talk with her Caucasian supervisor, Linda Casey.

13. When ALLEYNE spoke with Casey she told her what had occurred and requested to go home. Casey told ALLEYNE that it was mandatory that she not only stay, but

work a double shift.

14. When ALLEYNE had first arrived at Casey's office, Casey wasn't there but Joy, Casey's secretary told ALLEYNE she could use the inmate's sanitary pads. However, ALLEYNE explained that she only uses Tampax, not inmate's sanitary napkins, and that she had also soiled her clothing.

15. After ALLEYNE went back upstairs, the secretary came in with some inmate's sanitary napkins and threw them on her desk and told ALLEYNE she was told to give them to her by Casey.

16. ALLEYNE couldn't take the abuse anymore and went home. ALLEYNE later found out that the pain she had experienced at work was a result of gall bladder problems.

17. When an EMSA Caucasian nurse named Deanna got sick, EMSA went to great lengths to get her home immediately.

18. Another Caucasian nurse named Michael got sick and EMSA Charge Nurse, Pat Denning called his sister, escorted him downstairs, and immediately sent him to the hospital.

19. A black co-worker, Sylvia Humphrey, tried to stand up for ALLEYNE when she saw what was going on, and was also targeted by EMSA.

20. After the menstruation incident, ALLEYNE wore some tights to work with a shirt long enough to cover her private areas.

21. ALLEYNE was called into her supervisor's office and told that she had to go home due to her attire. Caucasian employees were not forced to go home when wearing similar attire.

22. After these incidents, ALLEYNE was given the silent treatment.

23. EMSA Supervisors would not speak to her, even if she asked a question.

24. EMSA's supervisors humiliated and demeaned ALLEYNE, forced her to walk around her work area in soiled clothing, resisted her leaving, required her to work a double shift knowing that she was violently ill, sent her home for allegedly inappropriate attire (which were clothes appropriate for her condition) and then began ignoring her and not speaking to her when she asked a question.

25. These actions resulted in ALLEYNE's constructive discharge.

26. At the time of her constructive discharge, ALLEYNE requested in writing an exit interview with EMSA's corporate office to discuss the unprofessional and discriminatory treatment of her by her supervisors but was denied.

27. EMSA, through its agents and employees, disparately treated ALLEYNE due to her race and color.

## COUNT
## 42 U.S.C. § 1981 - - RACE/COLOR
## DISPARATE TREATMENT

28. Paragraphs 1- 27 are realleged as if fully rewritten herein.

29. The above-described discriminatory treatment committed by defendants violated 42 U.S.C § 1981's prohibition on race and color discrimination.

30. Defendant has intentionally discriminated against plaintiff in violation of 42 U.S.C § 1981's prohibition of race and color discrimination.

WHEREFORE, plaintiff demands judgment against defendant:

(a) for lost wages and all other sums of money, including retirement benefits, health insurance, life insurance benefits, disability insurance, all fringe benefits and all other employment benefits which were lost, together with interest on said amounts;

(b) for compensatory damages;

(c) for punitive damages;

(d) for entry of an order directing defendant to place plaintiff to the position she would have occupied but for defendant's discriminatory treatment of her;

(e) for entry of an order declaring defendants' employment practices unlawful;

(f) for issuance of a permanent injunction prohibiting defendant from making employment decisions based on race and color;

(g) for a judgment representing prejudgment interest;

(h) for the costs of this action, including an award of reasonable attorney's fees pursuant 42 U.S.C. § 1988; and

(i) for such other and further relief as may be necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands trial by jury on all issues triable as of right by jury.

Date: 1/24/00

LAW OFFICES OF SAUL SMOLAR, P.A.
Attorneys for Plaintiff
901 So. Federal Hwy., Suite 102
Fort Lauderdale, FL 33316
Telephone: (954)522-8850
Fax: (954)522-0711
FBN: 346187

By: *Saul Smolar*
Saul Smolar

5

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SHIRLENE ALLEYNE

**00-6113**

## DEFENDANTS
EMSA CORRECTIONAL CARE, INC.

MAGISTRATE JUDGE SNOW

CIV-FERGUSON

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: PALM BEACH
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
SAUL SMOLAR
901 SO. FED. HWY., SUITE 102
FT. LAUDERDALE, FL 33316

ATTORNEYS (IF KNOWN):

JAN 24

(d) CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, **BROWARD**, ~~PALM BEACH~~, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

#A-0:00-cv6113-WDF Magistrate

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. 1981

**LENGTH OF TRIAL**
via __ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ More Than Limit

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/24/00
SIGNATURE OF ATTORNEY OF RECORD: Saul Smolar

**FOR OFFICE USE ONLY**
RECEIPT # 518384  AMOUNT $150.00  APPLYING IFP _____  JUDGE 01-24-00  MAG. JUDGE _____